USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAY XANTHAKOS,

                Plaintiff,

- against -

CITY UNIVERSITY OF NEW YORK,
JUDITH BERGTRAUM, ROBERT LEMIEUX,
and ALI VEDAVARZ,

                Defendants.

17 Civ. 9829 (VEC) (GWG)

**SETTLEMENT
AGREEMENT, GENERAL
RELEASE, AND ORDER
OF DISMISSAL**

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE ("Settlement Agreement") is made by and between Plaintiff KAY XANTHAKOS ("Plaintiff") and Defendant CITY UNIVERSITY OF NEW YORK ("CUNY") (collectively the "Parties"):

WHEREAS, any reference to CUNY in this Settlement Agreement includes all departments and subdivisions thereof, including but not limited to the Office of Facilities Planning, Construction and Management;

WHEREAS, on or about December 4, 2017, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2018-01-01112 ("EEOC Charge"), with respect to which a Notice of Right to Sue Letter was issued on or about April 17, 2018; and

WHEREAS, Plaintiff commenced this action, Case Number 17-CV-9829, by filing a complaint in this Court on or about December 15, 2017 (the "Complaint") against Defendants CUNY, Judith Bergtraum, Robert Lemieux, and Ali Vedavarz, alleging claims pursuant to Title

1161334 v1
1163515 v1

IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et. seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983; the New York State Human Rights Law, New York Executive Law § 290, *et. seq.*; the New York City Human Rights Law, Administrative Code of the City of New York § 8-101, *et. seq.*; the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.*; and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.* (ECF Doc. 1); and

WHEREAS, Plaintiff filed an Amended Complaint in this Action on or about May 7, 2018, adding claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* (ECF Doc. 24); and

WHEREAS, the Court dismissed Plaintiff's claims brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et. seq.*; the Americans with Disabilities Act 42 U.S.C. §§ 12101, *et. seq.*; and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.* on or about August 24, 2020 (ECF Doc. No. 42); and

WHEREAS, Judith Bergtraum, Robert Lemieux, and Ali Vedavarz are referred to herein as the "Individual Defendants"; and

WHEREAS, the claims and allegations in the Complaint, the Amended Complaint, the EEOC Charge, together with all related filings and proceedings, constitute the "Action"; and

WHEREAS, CUNY expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, the Parties desire to resolve fully the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other forum, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and CUNY hereby stipulate and agree as follows:

**1.     Dismissal of the Action.**

The Action, including all claims that were or could have been asserted therein, is dismissed pursuant to Fed. R. Civ. P. 41(a)(2) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts set forth in Paragraph 3 of this Settlement Agreement.

**2.     Dismissal of Action Against Individual Defendants.**

Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiff shall execute and deliver to counsel for CUNY a Stipulation and Order in the form annexed hereto as Exhibit 1 (the "Stipulation and Order of Dismissal as Against the Individual Defendants"), dismissing the Action and all claims asserted therein against the Individual Defendants, in their individual and official capacities pursuant to Fed. R. Civ. P. 41(a)(2), with prejudice, and without payments, attorneys' fees, costs, disbursements or expenses to any of these parties as against the other, except as provided for in paragraph 3 of this Agreement.

**3.     Payment to Plaintiff and Plaintiff's Attorneys.**

In full consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein, including the dismissal of the Action and the execution of the Stipulation and Order of Dismissal as Against the Individual Defendants, and other good and valuable consideration, the sufficiency of which is hereby

acknowledged, the State of New York and CUNY shall pay the gross sum of ONE HUNDRED NINETY THOUSAND DOLLARS ($190,000.00) to Plaintiff and Plaintiff's attorneys as follows:

a.        CUNY shall pay to Plaintiff the gross sum of EIGHTY-FOUR THOUSAND FOUR HUNDRED NINETY DOLLARS ($84,490.00), for which an I.R.S. Form W-2 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for lost wages, including but not limited to, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, less all applicable withholdings, payroll deductions, and taxes. The foregoing payment is pensionable and shall be made payable to Kay Xanthakos and mailed to the law offices of Vladeck, Raskin & Clark, P.C., 565 Fifth Avenue, 9th Floor, New York, New York 10017.

b.        The State of New York, on behalf of CUNY, shall pay to Plaintiff the gross sum of FIFTEEN THOUSAND FIVE HUNDRED TEN DOLLARS ($15,510.00), for which an I.R.S. Form 1099 MISC shall be issued to Plaintiff in this amount, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, physical injury, damage to reputation, economic damages, punitive damages, liquidated damages. The foregoing payment shall be made payable to Kay Xanthakos and mailed to the law offices of Vladeck, Raskin & Clark, P.C., 565 Fifth Avenue, 9th Floor, New York, New York 10017.

c.        The State of New York, on behalf of CUNY, shall pay the gross sum of NINETY THOUSAND DOLLARS ($90,000.00), for which I.R.S. Forms 1099 MISC shall be issued to Plaintiff and Plaintiff's attorneys in this amount, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and

1163515 v1

expenses incurred by Plaintiff or Plaintiff's attorneys for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Vladeck, Raskin & Clark, P.C., and mailed to the law offices of Vladeck, Raskin & Clark, P.C., 565 Fifth Avenue, 9th Floor, New York, New York 10017.

4.      **Plaintiff's Employment in the CUNY Department of Design Construction and Management.**

The Parties agree that Plaintiff may elect to remain employed by CUNY in the Department of Design Construction and Management within the Office of Facilities Planning, Construction and Management, with all benefits to which she is entitled in accordance with her title and position, for a period of up to two (2) years from the date the Court so-orders this Settlement Agreement. Plaintiff shall take whatever steps are necessary to effectuate the termination of her employment, including submitting any necessary documentation to effectuate her retirement or resignation. Plaintiff shall direct any questions regarding what steps are necessary to effectuate the termination of her employment to CUNY's Department of Human Resources with sufficient time to ensure that her separation from employment shall occur within two (2) years from the date the Court so-Orders this Settlement Agreement. If Plaintiff fails to take such necessary steps, CUNY shall be entitled to terminate Plaintiff's employment without notice. For the remainder of Plaintiff's employment at CUNY, Plaintiff shall retain her civil service title of University Chief Architect and departmental title of Assistant Director in the Department of Design, Construction and Management. The Parties agree that Plaintiff's annual salary shall increase to ONE HUNDRED FORTY-FOUR THOUSAND SIX HUNDRED SEVENTY DOLLARS ($144,670.00) beginning

thirty (30) days from the date the Court so-orders this Settlement Agreement, retroactive to the date the Court so-orders this Settlement Agreement. Plaintiff acknowledges that this salary is fair and equitable. The Parties agree that nothing in this Settlement Agreement precludes Plaintiff from receiving any salary increases that may be authorized by the Office of the Vice Chancellor for Human Resources Management for Classified Managerial employees during the period of Plaintiff's employment by CUNY. The Parties also agree that nothing in this Settlement Agreement entitles Plaintiff to any discretionary salary increases that may be authorized by the Office of the Vice Chancellor for Human Resources Management for Classified Managerial employees during the period of Plaintiff's employment by CUNY. Plaintiff acknowledges that she is subject to evaluations, reviews, and performance requirements applicable to all individuals who are employed by CUNY in the Department of Design Construction and Management.

5.     **State Approval of Payments on Behalf of CUNY.**

The payments referenced in Paragraph 3 of this Settlement Agreement are conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's counsel agree to promptly execute and deliver all necessary and appropriate vouchers and other requested documentation with respect to obtaining such approval and effectuating payment, including, but not limited to, the Affidavit of Medicare Eligibility Status attached hereto as Exhibit 2 and any required attachments thereto. If the appropriate State officials do not approve the payments referenced in paragraph 3, Plaintiff's release of claims shall be rendered void and this Action, including claims against the Individual Defendants, shall be reinstated.

6.     **Accrual of Interest.**

In the event that the payments referenced in Paragraph 3 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraphs 5 and 9 of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day after receipt of all required documentation by the Office of the Attorney General of all documentation required under Paragraphs 5 and 9 of this Settlement Agreement. In the event the Court does not "So Order" a copy of this Settlement Agreement or the Stipulation and Order of Dismissal as Against the Individual Defendants (Exhibit 1), interest on any part of the sum referenced in Paragraph 3 of this Settlement Agreement not paid by the one hundred twentieth (120th) day will run from the time the OAG receives all other documents required under Paragraphs 5, 6 and 9 of this Settlement Agreement. In the event that payment of the settlement payment amount constitutes "funds of a convicted person" within the meaning of N.Y. Exec. Law § 632-a, then the aforementioned one hundred twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

7. **Liability for Taxes.**

Any taxes, or interest or penalties on taxes on the payments specified in Paragraph 3 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, or her attorneys for fees paid to said attorneys, except for employer's share of FICA taxes. Plaintiff and her attorneys acknowledge and agree that they shall have no claim, right, or cause of action against CUNY and/or the State of New York, or any of their agencies, centers, schools, entities,

1163515 v1

subdivisions, offices, departments, officers, agents or employees, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless CUNY and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

8.      **Responsibility of Plaintiff for Liens and Setoffs.**

Plaintiff agrees that CUNY or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation, or child support liens, that may attach to the payments referenced in Paragraph 3 and that Plaintiff shall have no claim, right, or cause of action on account of such liens or setoffs.

9.      **Medicare Certification.**

Plaintiff represents and warrants that she is a Medicare Part A recipient. Plaintiff certifies that she has not received treatment for any injuries related to this lawsuit and has not had medical treatment of any kind paid for by Medicare and, as such, there are no medical expenses relating to the injuries alleged herein. Plaintiff does not anticipate seeking medical treatment for injuries alleged in this action. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit 2 ("Medicare Affidavit") to the

Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 3, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

**10.    Liability of Plaintiff for Any Medicare Payments or Medicare Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless CUNY, the State of New York, or their present and former agencies, centers, schools, entities, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, regarding any liens or past or future Medicare payments presently known or unknown in connection with the Action. Plaintiff has not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  If conditional or future anticipated Medicare payments related to this Action have not been satisfied, the State of New York reserves the right to issue a multi-party settlement check, naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 3 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 5 (State Approval of Payments), 6 (Accrual of Interest), and 9 (Medicare Certification), payment of the settlement amounts referenced in Paragraph 3 shall be made in accordance with the terms set forth herein.

**11.    Covenant Not to File Claim in Court of Claims.**

Plaintiff warrants and represents that she shall not file or seek permission to file with the New York Court of Claims a claim against CUNY, the State of New York, or their present and former agencies, centers, schools, entities, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any other person or entity based in whole or in part upon any of the acts, transactions, occurrences or omissions that were or could have been asserted in the Action.

**12.    General Release.**

For and in consideration of the payments referenced in Paragraph 3 of this Settlement Agreement, Plaintiff's Employment in the Department of Design Construction and Management referenced in Paragraph 4 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges, CUNY and the State of New York, together with all of their present and former agencies, centers, schools, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future

against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever that were or could have been asserted in the Action up to and including the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, including without limitation the Amended Complaint in the Action; (b) any and all claims for attorneys' fees, costs, disbursements and all other expenses incurred by or on behalf of Plaintiff in connection with the Action and any other action or proceeding, whether judicial, administrative or otherwise; (c) any and all claims regarding or arising directly or indirectly from Plaintiff's association with any of the Released Parties or the terms and conditions of her association with any of the Released Parties; (d) any and all claims of discrimination or retaliation based upon disability whether actual or perceived; (e) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. §§ 1981-1988, Title VI, Title VII, Title IX, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, the New York State Labor Law, N.Y. Labor Law §§ 194, 740 and 741 *et seq.*, N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state or local law; (f) any claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes,

1163515 v1

constitutions, regulations, rules, ordinances, or orders; (g) any and all claims for salary, bonuses, earnings, severance pay, vacation pay, sick pay, incentive pay, clinical practice income, or other compensation, or any non-vested retirement, pension, or savings plan or other benefits; (h) any and all grievances pursuant to any applicable collective bargaining agreement; and (i) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive, or other damages), vocational services, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, assault, battery, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, education, vocational services, discrimination, retaliation, retirement, or otherwise. This release also includes a waiver and release of any and all claims related to allegations made before the EEOC, the New York State Division of Human Rights, or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences that were or could have been asserted in the Action up to and including the date of this Settlement Agreement. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing any claims that may arise after Plaintiff executes this Settlement Agreement or any claims to vested retirement benefits. Plaintiff is not waiving or releasing any claims under New York Military Law; any claims under New York Labor Law §§ 220 to 224; and any unemployment

benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the EEOC or any other governmental agency.

**13.    No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against CUNY or the State of New York, or any of their present and former agencies, centers, schools, entities, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, on her own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for CUNY to enter into this Settlement Agreement.

**14.    Waiver of Attorneys' Lien.**

Plaintiff and her attorneys agree not to assert against any of the defendants or the State of New York for any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N. Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**15.    No Other Attorney.**

Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute,

contract, or otherwise.

**16.     No Prevailing Party.**

Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**17.     Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors, heirs, and assigns of each party hereto.

**18.     Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**19.     Voluntary Agreement.**

Plaintiff represents that she has thoroughly discussed all aspects of this Settlement Agreement, including the General Release in Paragraph 12, with her attorneys, and Plaintiff represents that she has carefully read and fully understands all of the provisions of the Settlement Agreement. Plaintiff represents that she executes and delivers the Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect. Plaintiff acknowledges that she has consulted with her attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

## 20.  Negotiated Agreement.

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

## 21.  No Admission of Liability.

Nothing contained herein shall constitute an admission by CUNY or the State of New York (including, but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representatives) that they deprived Plaintiff of any right or failed to perform any duty under the constitutions, charters, statutes, rules, regulations, or other laws of the United States, the State of New York, or the City of New York, or that any action or inaction by them was unlawful or wrongful. It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken and payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this Action or dispute or as constituting any admission of wrongdoing or liability on the part of CUNY, the State of New York, including but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representatives, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, offices, agencies, centers, schools, entities, departments, divisions, subdivisions, subsidiaries, heirs, administrators, or assigns, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, custom, or practice

1163515 v1

of CUNY, or the State of New York, or any of their offices, agencies, centers, schools, entities, departments, divisions, subdivisions, officials, employees (including but not limited to the Individual Defendants), or agents, whether in their individual or official capacities.

**22.    No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised, or that could have been raised, in the Action or any other action or proceeding. This Settlement Agreement shall have no precedential value or effect whatsoever. This Settlement Agreement shall not be admissible in any action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Settlement Agreement. If there are any future retaliation actions brought by Plaintiff against CUNY or its agents relating to the claims asserted in this action, each party is preserving its positions as to whether or not this Settlement Agreement would be admissible.  In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop CUNY, the State of New York, or any of their present and former agencies, centers, schools, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues and claims raised in said actions or proceedings, or from advancing any defenses.

**23.    Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all

1163515 v1

prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**24.    Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to the conflict of laws provisions of New York law, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

**25.    Severability.**

With the exception of paragraphs 1, 3, 4, 5, 9, 12, 13, and 16 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**26.    Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

**27.    Submission to the Court.**

Upon signature by all parties and counsel for all Parties, this Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered." The Court shall retain jurisdiction to enforce the terms of this Settlement Agreement, including reinstatement of this

1163515 v1

Action, including claims against the Individual Defendants, if the payments set forth in paragraph 3 are not made.

**28.    Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

**29.    Authority to Sign Agreement.**

The parties and the signatories to this Settlement Agreement represent and warrant that the signatories executing this Settlement Agreement on behalf of each party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**30.    Acknowledgment of Full Understanding.**

Plaintiff acknowledges and agrees that Plaintiff has fully read, understands, and voluntarily enters into this agreement. Plaintiff acknowledges and agrees that Plaintiff has had an opportunity to ask questions and consult with an attorney of Plaintiff's choice before signing this agreement. Plaintiff further acknowledges that Plaintiff's signature below is a binding agreement that releases and/or waives claims that were or could have been asserted in the Action, including claims that may be contingent or unknown as against CUNY and all Released Parties, including the State of New York, including but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representative.

1163515 v1

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: New York, New York
May 20, 2021

_Kay Xanthakos_
Kay Xanthakos, *Plaintiff*

STATE OF NEW YORK

COUNTY OF NEW YORK

On May ___20___, 2021, before me, the undersigned, a Notary Public in and for the State of California, personally appeared KAY XANTHAKOS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_signature_
NOTARY PUBLIC

ANNE L. CLARK
**NOTARY PUBLIC, STATE OF NEW YORK**
NO. 02CL5027428
**QUALIFIED IN KINGS COUNTY**
COMMISSION EXPIRES MAY 9, 20 22

1163515 v1

_(signature)_
Katherine Raymond
Senior Associate
General Counsel
Office of the General Counsel
& Sr. Vice Chancellor for
Legal Affairs
The City University
of New York
205 East 42nd Street, 11th Floor
New York, NY 10017
(646) 664-9200

Dated: New York, New York
    May __21__, 2021

    Vladeck, Raskin & Clark, P.C.
    *Attorneys for Plaintiff*

By:

_(signature)_
Anne L. Clark
Yannick A. Grant
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300

Dated: New York, New York
    May __21__, 2021

    LETITIA JAMES
    Attorney General
    State of New York
    *Attorney for Defendants*

By:

_(signature)_
Johane Severin
Shaina L. Schwartz
28 Liberty Street
New York, New York 10005
(212) 416-8565

**SO ORDERED:**

_(signature)_

The Honorable Valerie E. Caproni
United States District Judge

Dated: __June 2_____, 2021

1163515 v1